Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. American Protection Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiffs average weekly wage was $598. 02, which yields a compensation rate of $398. 70, based upon the Form 22.
5. The issues for determination are:
a. Did the plaintiff contract the compensable occupational diseases of carpal tunnel syndrome and/or tendinitis in her hands or wrists in the course and scope of her employment; and
b. If plaintiff contracted a compensable occupational disease, to what benefits may she be entitled under the Act.
6. The job description is an accurate description of plaintiffs job and is incorporated herein by reference.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer as a weaver in 1991. Her duties included tending eight looms. She checked the orders, gathered yarn for pattern changes, changed label pins and doffed the looms. On an average night, plaintiff changed the loom ten to fifteen times.
2. In 1998, defendant-employer changed the manufacturing process.
3. In March of 1994, plaintiff began experiencing pains in her arms. Her family doctor provided splints and later referred her to orthopedist Dr. Elizabeth Meyerdierks.
4. On November 15, 1994, Dr. Meyerdierks examined plaintiff and diagnosed her with bilateral carpal tunnel syndrome with right middle trigger finger. Dr. Meyerdierks injected the middle finger with xylocaine and cortisone.
5. Plaintiff returned to Dr. Meyerdierks on April 18, 1995 with complaints of numbness and tingling in her hands and decreased sensation in the second and third finger of her right hand. Nerve conduction studies were positive for moderate bilateral carpal tunnel syndrome. Surgery was recommended.
6. On March 9, 1999, Dr. Robert V. Sypher, Jr., a hand surgeon, performed right carpal tunnel release surgery on plaintiff.
7. Plaintiff has failed to prove by the greater weight of evidence in the record that plaintiffs bilateral carpal tunnel syndrome was due to causes and conditions which are characteristic of and peculiar to her job as a weaver with defendant-employer.
8. Plaintiff was not at an increased risk of contracting bilateral carpal tunnel syndrome to an extent greater than the general public.
9. There is insufficient evidence to prove by the greater weight that plaintiffs bilateral carpal tunnel syndrome was caused by her job with defendant-employer.
***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff bears the burden of proving each element of compensability in order to prove the existence of an occupational disease within the meaning of N.C. GEN. STAT. 97-53(13). This requires the plaintiff to show that (1) the disease must be characteristic of a trade or occupation; (2) the disease must not be an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there must be proof of causation. Hansel v. Sherman Textiles, 304 N.C. 44,283 S.E.2d 101(1981). In the instant case, plaintiff has failed to carry the burden of proof to establish any of these elements.
2. There is likewise no evidence in the record to suggest that plaintiff suffered an injury by accident on or about January 29, 1998, within the meaning of N.C. GEN. STAT. 97-2(6).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs claim is, and under the law must be, DENIED.
2. Defendants shall pay the costs.
This the ___ day of May 2000.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
LKM/bjp